EDWIN BUTLER *v.* THE HUDSON RIVER RAILROAD COMPANY.

A package delivered by a traveller to be carried on a railroad to his place of destination, is not necessarily to be considered baggage, if not so represented by him and if not so put up as to deceive.

Although, under such circumstances, the package is carried by the same train that conveys the passenger, the railroad company may charge freight thereon, and the company will be liable, as common carriers, for the loss thereof, where no fraud is practised by the owner by representing or treating it as baggage.

The delivery to the railroad carrier, is not sufficiently proved by stating that the package was given to a man at the station supposed by the witness to be a baggage master. The supposed officer or agent of the company to whom the delivery is made, must be proved to be such, or circumstances be given showing a sufficient delivery, such, for instance, as that the article was placed in a car or other depository provided for the reception of like property.

THE complaint alleged, in substance, that on a day specified one Frederick Butler, at the city of New York, placed a box, containing embroideries and other articles of merchandise—which were enumerated and the value whereof was averred—in charge of the defendants, as common carriers, to convey directly to Albany, and there to deliver to him, which they agreed to do. That they failed in the performance of their undertaking, and lost the goods through their negligence. And that said Frederick Butler had assigned to the plaintiff the demand thence arising against the defendants.

Butler *v.* The Hudson River Railroad Company.

The parties appeared in the Marine Court. The defendants answered by a general denial.

The assignor of the claim testified that at the time mentioned in the complaint, he took passage on the Hudson River Railroad for Albany, and delivered a parcel for that place to a person supposed by him to be a baggage man. That the parcel contained the articles described, and that their value was as alleged. That the witness asked for a check, when the baggage man stated that he " did not check such goods," but that they would go safely, and that like parcels had been carried on this road before. That when the witness arrived at Albany on the same train he inquired for the parcel or package, as directed to him at a hotel in that city, and that the person supposed by him to be the baggage master said he presumed it was taken to Troy. That the witness afterwards repeatedly applied at the station, could not obtain the things, and had never heard of them since. The alleged assignment to the plaintiff was proved, and the case was closed.

The return stated that judgment was rendered for the defendants, " no freight being paid for the goods, and they not being personal baggage." The plaintiff appealed.

*John Aitken,* for the plaintiff, cited *Allen* v. *Sewell,* 2 Wend. 327.

*Thomas M. North,* for the defendants, cited *Pardee* v. *Drew,* 25 Wend. 459; *Hawkins* v. *Hoffman,* 6 Hill, 586; Angel on Carriers, § 115.

By THE COURT. INGRAHAM, FIRST J.—The right of the plaintiff to recover is not upon the ground that the package was personal baggage, but that it was property placed in charge of the baggage master to be transported to Albany. There is nothing in the case showing any attempt to deceive by representing it to be baggage. On the contrary, the evidence shows that the baggage master knew it was not baggage when he refused to check it; and it being a package instead of a trunk, he had no reason to suppose it to be baggage.

Butler *v.* The Hudson River Railroad Company.

Nor is it necessary to entitle the plaintiff to recover that he should pay the freight at the time of delivery. (See *Allen* v. *Sewell*, 2 Wend. 327.) The defendants had a right to charge the freight before delivery, but no refusal to deliver was put on that ground. The package evidently was sent to a wrong destination or lost on the passage.

The cases cited by the defendants, *Pardee* v. *Drew*, 25 Wend. 459, and *Hawkins* v. *Hoffman*, 6 Hill, 586, establish the doctrine that common carriers are not liable for goods which are placed in their charge as the baggage of passengers, instead of being forwarded as freight. It may be that the defendants will be able to show that such was the case as to the package in question. In both of the cases referred to the goods were carried by the travellers in trunks, and treated by them as forming part of their baggage, thereby avoiding the payment of freight.

It appears to me also that the rule as laid down in those cases cannot be so strictly applied to railroads. The traveller is not precluded from carrying packages and boxes with him on the same train as that in which he travels. The place of deposit for goods or baggage is the same, and if not represented to be baggage, or if not so packed as to assume that appearance, there is no reason why freight should not be charged or why the carrier should not be responsible.

I do not intend to express any opinion on the merits of the plaintiff's claim in this case further than to say the evidence does not warrant the conclusion that the traveller intended to defraud the carrier by passing as baggage what was subject to freight. If that had been the case the defendants would be entitled to judgment. It was not, however, proven on the trial, and the judgment in that respect was erroneous.

I think, however, there is not sufficient evidence of a delivery of the property to the defendants or their agent to make them liable. The only evidence is that of the assignor of the claim, who says he delivered the parcel to a person he supposed to be a baggage man. Whether he supposed him to be in such a situation or not made no difference. The defendants are not to

be held liable on the mere supposition of the traveller. He should show the delivery of the property to an officer of the company, or at least that it was delivered to a person acting as such, or that it was placed in the car or place for the reception of such property.

Although the judgment was improperly rendered for the defendants on the merits, still I think the plaintiff's case was not made out, and the complaint should have been dismissed; and as we are required to render the proper judgment on appeal, I think the judgment should be for dismissal of the complaint, and should be modified accordingly, without costs of appeal to either party.

Adjudged accordingly.